UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE** <br> **722 12th St., NW, 4th Floor** <br> **Washington, D.C. 20005** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES ENVIRONMENTAL** <br> **PROTECTION AGENCY** <br> **1200 Pennsylvania Avenue, NW** <br> **Washington, DC 20460** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 16- 1621 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("the Agency" or "EPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to two substantively related FOIA requests to which EPA has not sent the required responses in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Plaintiff requested fee waivers as provided by FOIA, due to the public interest in the information the records address, and the media and educational status of each requester.

1

4. EPA has acknowledged receipt of plaintiff's requests, and granted the request for a fee waiver for one of them, saying a search would be conducted in the future. It granted one request for fee waiver, and and declared the other request to be non-billable.

5. EPA has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiff could expect a response.

6. EPA therefore has not properly responded to plaintiff's requests.

7. Accordingly, plaintiff files this lawsuit to compel the EPA to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

8. Plaintiff Energy & Environment Legal Institute ("E&E Legal") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC. E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy. E&E Legal's programs include analysis, publication, and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9. Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiff and the defendant both maintain offices

in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

12. In its May 5, 2016 request for public records, plaintiff sought a specific and tailored population of email correspondence and attachments involving three named Agency employees, which correspondence was with or which referenced certain outside actors, or two other keywords, over a specified period of time.

13. Defendant acknowledged the May 5 request by letter dated May 18, 2016, assigning it tracking number EAP-HQ-2016-006460, and determine the request was not billable, thus obviating the need to examine the fee waiver.

14. Defendant further acknowledged the request by letter on June 2, 2016, stating that a search would be conducted.

15. Defendant, by email on July 11, 2016 claimed that it had found 9,267 responsive records and that it would begin providing records on a rolling basis within 2-3 weeks. Thus far no records have been provided.

16. In its June 27, 2016 request for public records, plaintiff sought certain described correspondence and attachments involving five named Agency employees, which correspondence used one or more of seven keywords, dated over a one-week period of time (April 29 - May 6, 2016).

17. Defendant acknowledged the June 7 request by letter dated July 7, 2016, assigning it tracking number EPA-HQ-2016-008039, and granting plaintiff the fee waiver requested. It further acknowledged the request by letter July 27, 2016 stating the request was in the review process, but providing no additional information.

**Defendant's Reply and Subsequent Proceedings**

18. Defendant owed substantive responses to plaintiff within 20 working days from each request, which it has failed to provide, in violation of the statutory time limit.

19. In response to plaintiff's May 5, 2016 request (6460), after six weeks defendant estimated a number of potentially responsive records, in a June 15, 2016 letter styled as an "interim response". EPA further claimed on July 11, 2016 that it would begin providing responsive records within 2-3 weeks of that date, yet it has not done so. However, EPA took no extension of time as permitted under certain circumstances by FOIA.

20. In response to this request 6460, EPA has provided no records or substantive response, has failed to provide an accurate schedule of production and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

21. A proper response to the May 5, 2016 request was due by June 3, 2016.

22. In response to plaintiff's June 27, 2016 request, number 8039, EPA granted plaintiff's request for fee waiver but took no extension of time as permitted under certain circumstances by FOIA, provided no records responsive to this request, or the

    timeframe during which plaintiff could expect a response. and what exemptions it might claim under FOIA, or otherwise complied with FOIA's requirements within that 20-day timeframe. *CREW v. FEC.*

23. A proper response to plaintiff's June 27 request 8039 was due by July 26, 2016.

24. By failing to respond to plaintiff's requests in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

25. Plaintiff has constructively and actually exhausted the administrative process as regards these requests, both because of EPA's failure to abide by FOIA's statutory deadlines, and because EPA has not properly advised plaintiff of the finality of its decisions or any relevant appellate rights.

## ARGUMENTS

26. Transparency in government is the subject of high-profile promises from the president and attorney general of the United States arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

27. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

28. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  EPA did not seek additional information from plaintiff regarding the requests at issue in this suit.

29. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

30. Defendant EPA owes plaintiff records responsive to the requests at issue in this suit, which requests reasonably described the information sought and were otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

31. Further, should the EPA cross-complain or otherwise argue that its failure to perform is because it is due fees, plaintiff notes that defendant has waived fees and/or waived its

ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiff within the statutory deadline(s), and by its determination that the May 5 request was non-billable and that the June 27 request was being granted a fee waiver. The EPA, therefore, has waived all rights to assess fees and must produce the requested documents as required by law.

### FIRST CLAIM FOR RELIEF
**Seeking Declaratory Judgment**

32. Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

33. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

34. Plaintiff asks this Court to enter a judgment declaring that:

    a.   The EPA's correspondence as specifically described in plaintiff's FOIA requests described, *supra*, is subject to release under FOIA;

    b.   The EPA must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c.   The EPA may not assess or seek costs and fees for the requests at issue in this case.

### SECOND CLAIM FOR RELIEF
**Seeking Injunctive Relief**

35. Plaintiff re-alleges paragraphs 1-34 as if fully set out herein.

36. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

37. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

38. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholds and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

39. Plaintiff re-alleges paragraphs 1-38 as if fully set out herein.

40. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

41. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

42. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

9

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 10th day of August, 2016,

_____/s/_____
Chaim Mandelbaum,
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
703-577-9973
chaim12@gmail.com

*Counsel for Plaintiff*